Case 1:20-cr-00020-LEK   Document 1   Filed 12/19/19   Page 1 of 13   PageID #: 1

Case 1:20-cr-00020-LEK   Document 1   Filed 12/19/19   Page 1 of 13   PageID #: 1

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

DARREN W.K. CHING #6903
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-Mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Dec 19, 2019**
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAG. NO. 19-01299 WRP |
| Plaintiff, | CRIMINAL COMPLAINT; AFFIDAVIT |
| v. | |
| ELIJAH MALUHIA KANEAKUA, | |
| Defendant. | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

Count 1
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

On or about March 7, 2019, within the District of Hawaii, ELIJAH KANEAKUA, the defendant, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime, knowingly possessed a firearm, namely: a Sig Sauer, model 1911-22, .22 LR caliber pistol, bearing serial number T151834, with said firearm having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Count 2
Possession of a Stolen Firearm
(18 U.S.C. § 922(j))

On or about March 7, 2019, within the District of Hawaii, ELIJAH KANEAKUA, the defendant, knowingly possessed a stolen firearm, namely: a Sig Sauer, model 1911-22, .22 LR caliber pistol, bearing serial number T151834, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen.

All in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

\\

\\

\\

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms and that this Complaint is based upon the facts set forth in the attached "Special Agent's Affidavit in Support of Criminal Complaint," which is incorporated herein by reference.

JOSEPH VILLAGOMEZ
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4(d) and 4.1(b)(2) on December 19, 2019.



Wes Reber Porter
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 19-01299 WRP |
| | ) | |
| Plaintiff, | ) | SPECIAL AGENT'S AFFIDAVIT IN |
| | ) | SUPPORT OF CRIMINAL |
| v. | ) | COMPLAINT |
| | ) | |
| ELIJAH MALUHIA KANEAKUA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SPECIAL AGENT'S AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Joseph Villagomez, after being first duly sworn on oath, deposes and says:

### BACKGROUND

1. I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") assigned to the ATF Honolulu Field Office in the District of Hawaii, and I have served in the capacity as an ATF SA since May 2014. I am familiar with the facts set forth in this affidavit based upon information provided by other law enforcement personnel and/or witnesses. This affidavit contains only the information necessary to support probable cause. It is not intended to include every fact and matter observed or known to the government.

### PROBABLE CAUSE

2. On March 7, 2019, officers of the Maui Police Department ("MPD") responded to a residence on Waiehu Beach Road, Wailuku, HI, where J.S. and

C.K. reported a burglary. During the burglary, various items were taken, to include a large gun safe, approximately nineteen (19) firearms, firearm parts, ammunition, jewelry, and other items.

### *Recovery of Eight Firearms from the Burglary*

3. On March 8, 2019, MPD received information that ELIJAH MALUHIA KANEAKUA ("KANEAKUA") and Keoni Kuhaulua ("Kuhaulua") may have been in possession of some of the stolen firearms at a taro field/farm, located at Lower Waiehu Beach Road and Waiehu Beach Road in Wailuku, HI. MPD located J.R. at the taro field. After being advised of his/her Miranda rights and waiving them, J.R. provided information that KANEAKUA had firearms in the trees/brush area, and J.R. led MPD to the area where the firearms were located. MPD recovered eight (8) of the firearms stolen from J.S. and C.K.'s residence.

4. On March 8, 2019, MPD located Individual #1 at the same taro field/farm, and he/she agreed to speak with MPD at the Wailuku Station. After being advised of his/her Miranda rights, Individual #1 waived these rights and initially denied knowledge of the burglary, but Individual #1 later provided information that BJ (Barret James Paman; "Paman") and KANEAKUA were involved with the burglary of J.S. and C.K.'s residence. Individual #1 advised that Paman and KANEAKUA broke into the gun safe (from J.S. and C.K.'s residence)

by prying it open, and Individual #1 related that some of the firearms were sold/traded for cash or drugs.

5. On March 8, 2019, MPD located KANEAKUA at the taro field, where he was in possession of some of the stolen jewelry. After being advised of his Miranda rights and waiving them, KANEAKUA related that he did not have any knowledge of any burglary or guns stolen, but if there were any guns stolen from the area, the person responsible was Kuhaulua. KANEAKUA advised that Individual #1 gave him the jewelry and asked KANEAKUA to hold onto it. While at the taro field/farm, MPD located the stolen gun safe, which was partially buried in the trees/brush area. MPD arrested KANEAKUA for charges related to the burglary.

6. On March 8, 2019, MPD transported KANEAKUA to the MPD Wailuku Station. After being advised of his Miranda rights and waiving them, MPD interviewed KANEAKUA again, which was recorded. The following are summaries of portions of his statement:

   a. Individual #1 approached KANEAKUA the night prior and asked if he/she could stay at KANEAKUA's place (the taro field/farm). After KANEAKUA showed Individual #1 where he/she could set up his/her tent, KANEAKUA asked Individual #1 if he/she could watch the place because KANEAKUA was going to a friend's place. When KANEAKUA returned to the

property later the same night/early morning, KANEAKUA observed a plastic storage container, which had three (3) handguns and firearm parts inside, as well as a pop-up tent bag that had about six (6) rifles inside.

   b. KANEAKUA confronted Individual #1 about bringing the items over (i.e. the container and pop-up tent bag with firearms) and told Individual #1 that he/she needed to get them out. Individual #1 was complaining because his/her friends left, and KANEAKUA thought the friends helped Individual #1 bring over the items. KANEAKUA was going to bury the items (firearms) because he did not want anything to do with them. KANEAKUA moved Individual #1's firearms from where Individual #1 left them (in an area behind the shed) to an area by a kiawe tree. KANEAKUA denied having knowledge about a safe.

***Recovery of the Sig Sauer 1911-22 pistol from the Burglary (Counts 1 and 2)***

   7. On March 8, 2019, MPD observed Kuhaulua driving a stolen Jeep in Wailuku, and Kuhaulua was with Individual #2. MPD attempted to stop the stolen Jeep, but Kuhaulua did not stop. MPD observed Individual #2 throw an object from the passenger side window of the stolen Jeep, which MPD later recovered, a Sig Sauer, model 1911-22, .22 LR caliber pistol, bearing serial number T151834 ("Sig Sauer 1911-22 pistol"). The Sig Sauer 1911-22 pistol was one (1) of the stolen firearms from J.S. and C.K.'s burglary.

8. On March 8, 2019, MPD later located and arrested Kuhaulua and Individual #2 at the Mac Nut fields. After being advised of his Miranda rights and waiving them, Kuhaulua admitted to driving the stolen Jeep as well as stealing the Jeep from a rental car facility approximately two to three days prior. Kuhaulua admitted to receiving a black and brown firearm (handgun) that took a clip (magazine) from KANEAKUA on March 7, 2019 at the taro patch. Kuhaulua also saw KANEAKUA with a black colored rifle that had a scope, which KANEAKUA would provide to Kuhaulua if Kuhaulua could get him a "fat bag" (drugs). Kuhaulua denied that he threw the firearm (handgun) out of the stolen Jeep but related that Individual #2 threw the firearm out. (AGENT'S NOTE: The black and brown firearm Kuhaulua described was consistent with the appearance of the Sig Sauer 1911-22 pistol recovered by MPD.)

### *Arrest and Interview of Paman*

9. On March 8, 2019, MPD located Paman operating a vehicle bearing Hawaii license plate XXX-795 and detained him. After being advised of his Miranda rights and waiving them, Paman gave consent to search the vehicle bearing Hawaii license plate XXX-795. Inside of the vehicle, MPD recovered a stolen firearm from the burglary of J.S. and C.K.'s residence. While at the scene, Paman also spoke to police, the following are summaries of portions of his statement:

  a. Paman and KANEAKUA took the safe with the firearms out of the house (J.S. and C.K.'s residence), and Individual #1 told them where the safe was and what was inside of it.

  b. Paman traded one (1) firearm to Individual #3 for a teen of ice (crystal methamphetamine), two (2) rifles to Ikaika Reinhardt ("Reinhardt") for a ball of ice, and three (3) firearms to Individual #4 for cash. (AGENT'S NOTE: A sixteenth of an ounce or approximately 1.77 grams is often referred to as a "teen" and an eighth of an ounce or approximately 3.54 grams is often referred to as a "ball" or "eight ball.") MPD arrested Paman for various state charges, to include firearm related offenses, and later transported Paman to the MPD Wailuku Station.

10. On March 9, 2019, after Paman waived his Miranda rights, he gave MPD a recorded statement. The following are summaries of portions of his statement:

  a. Paman broke into a residence on Waiehu Beach Road two (2) times on March 7, 2019. The first time, Paman burglarized the residence and took two (2) firearms that were not in the gun safe, jewelry, and cigarettes. Individual #1 was not with Paman during this burglary, and Paman stated that Individual #1 told him what to get and where things were (in J.S. and C.K.'s residence). After the first burglary, Paman picked up Individual #1 and went to the taro farm, where Paman dropped off Individual #1. Paman picked up KANEAKUA, and they went

back to J.S. and C.K.'s residence to get the gun safe. Paman and KANEAKUA stole the safe, put it in Paman's vehicle, and went back to the taro farm, where he and KANEAKUA pried open the safe.

      b.    Kuhaulua came and took the .22 handgun, which KANEAKUA allowed Kuhaulua to take.

      c.    Paman met with Individual #4 on March 7, 2019 and provided him/her with three (3) of the stolen firearms for cash.

      d.    After the transaction with Individual #4, Paman provided Reinhardt two (2) of the stolen firearms for a ball of ice (crystal methamphetamine). Paman expected to receive more drugs from Reinhardt later.

      e.    After the transaction with Reinhardt, Paman met with Individual #5 on March 7, 2019 and provided him/her with one (1) of the stolen firearms. Once Individual #5 sold the stolen firearm, he/she was supposed to give Paman cash.

      f.    Paman met with Jonny Corn (Jonathan Corn; "Corn") on March 8, 2019, and provided Corn with one (1) of the stolen firearms for a $40 bag of ice (crystal methamphetamine). Paman expected to receive more drugs from Corn later.

*Recovery of Seven Firearms from the Burglary*

11. On various dates in March 2019 following Paman's interview, MPD recovered seven (7) firearms associated with the burglary of J.S. and C.K.'s residence (three firearms from Individual #4, one firearm from Individual #5, two firearms from Reinhardt, and one firearm from Corn).

*Disposition of Cases Involving Firearms Stolen from the Burglary*

12. On September 25, 2019, in the United States District Court for the District of Hawaii, Reinhardt pleaded guilty to one (1) count of Receipt of Firearm by a Person under Indictment (18 U.S.C. § 922(n)) and one (1) count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)) and is awaiting sentencing.

13. On October 1, 2019, in the United States District Court for the District of Hawaii, Paman pleaded guilty to one (1) count of Possession of Stolen Firearms (18 U.S.C. § 922(j)) and is awaiting sentencing.

14. On October 3, 2019, in the United States District Court for the District of Hawaii, Kuhaulua pleaded guilty to one (1) count of Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)), involving the Sig Sauer 1911-22 pistol, and is awaiting sentencing.

15. On October 10, 2019, in the United States District Court for the District of Hawaii, Corn pleaded guilty to one (1) count of Possession of a Firearm

in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)) and is awaiting sentencing.

***KANEAKUA's Status as a Felon***

16. State of Hawaii, Circuit Court of the Second Circuit, documents for KANEAKUA (under Cr. No. 07-1-0138) showed that on July 17, 2008, KANEAKUA pleaded no contest to one (1) count of Promoting a Dangerous Drug in the Third Degree and one (1) count of Prohibited Acts Related to Drug Paraphernalia and was informed that both crimes were punishable by imprisonment for up to five years. On October 2, 2008, KANEAKUA was sentenced for these crimes.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

**Interstate Nexus**

17. The Sig Sauer 1911-22 pistol was manufactured outside the State of Hawaii. Thus, KANEAKUA's possession of the Sig Sauer 1911-22 pistol in the State of Hawaii affected interstate or foreign commerce.

JOSEPH VILLAGOMEZ
Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

This Criminal Complaint and Special Agent's Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crimes found to exist by the undersigned Judicial Officer at  12:44 p.m.  on December 19, 2019.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Federal Rule of Criminal Procedure 4(d) and 4.1(b)(2) on December 19, 2019.

Wes Reber Porter
United States Magistrate Judge

10